UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LORENZA CREWS,<br><br>      Petitioner,<br> v.<br><br>JEFFEREY PERKINS,<br><br>      Respondent. | Case No. 3:24-cv-05714-BHS-TLF<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on Petitioner's motion to appoint counsel. Dkt. 4[1]. For the reasons discussed below, the Court DENIES Petitioner's motion, without prejudice.

Petitioner requests the appointment of counsel and an evidentiary hearing because the "state has failed to provide a full and fair review of his constitutional claims." *See* Dkt. 4 at 2.

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Id.*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases,

---

[1] On October 16, 2024, the Court instructed Respondent to file any response to Petitioner's motion by October 23, 2024. Dkt. 10. Respondent did not file a response.

Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id*.

At this time, Petitioner has not shown exceptional circumstances supporting the appointment of counsel. The Petitioner has effectively articulated his grounds for relief in the petition. Petitioner's indigency and lack of legal expertise are challenges faced by any *pro se* petitioner and do not present exceptional circumstances.

Furthermore, it is still very early in Petitioner's habeas proceedings. Respondent has not filed the state court record and Answer. Because it is so early, the Court cannot determine the complexity of the legal issues involved, the need for counsel to aid in any discovery, or the potential need for an evidentiary hearing in this case.

ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL - 2

Accordingly, the Court will deny the motion without prejudice so that Petitioner may, if he so chooses, make a new request for counsel if circumstances change.

Dated this 30th day of October, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge