1

2

3

4                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
5                              AT TACOMA

6   ROBERT LORENZA CREWS,
                                              Case No. 3:24-cv-05714-BHS-TLF
7                          Petitioner,
                                              REPORT AND
8          v.                                 RECOMMENDATION

9   JEFFEREY PERKINS,
                                              Noted for January 23, 2025
                           Respondent.
10

11         Petitioner Robert Lorenza Crews, a prisoner at Coyote Ridge Corrections Center,

12  has filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. Dkt. 3. Mr. Crews

13  seeks relief from his 2010 conviction and sentence for first degree rape of a child. *Id.* at

14  3; Dkt. 13-1 (Relevant State Court Record), Exhibit 1 (Judgment and Sentence, *State v.*

15  *Crews*, Pierce County Cause No. 10-1-00454-0).

16         Mr. Crews presents the following five grounds in his petition:

17         1.  Violation of Separation of Powers – Prosecuted under unconstitutional statute

18             RCW 9A.44.020(1) and House Bill 208 (1975).

19         2.  Violation of Privileges and Immunities Clause. Prosecuted under

20             unconstitutional statute RCW 9A.44.020(1), House Bill 208 (1975).

21         3.  Violation of Equal Protection Clause – Prosecuted under unconstitutional

22             statute RCW 9A.44.020(1) House Bill 208 (1975).

23         4.  Bill of Attainder – violation of Article 1, § 9 Clause 3 of the United States

24             Constitution. Art 1, § 10, Clause 1.

25

5.    Ineffective Assistance of Counsel.

Dkt. 3, at 6-10.

Mr. Crews has requested an evidentiary hearing in this matter to review his conviction. Dkt. 3, at 3-5. The request for an evidentiary hearing should be DENIED, and the petition should be DISMISSED as time-barred. The certificate of appealability (COA) should be DENIED.

The Washington State Court of Appeals, Division II summarized the facts of the case in its unpublished decision affirming the conviction on direct appeal. Dkt. 13-1 at 21-25 (State's Exhibit 2, Unpublished Opinion, *State v. Crews*, Washington State Court of Appeals Div. II, Cause No. 41517-8-II (Ct. App. May 22, 2012)). The trial facts are not relevant to the issues presented in this habeas corpus case and therefore are not discussed.

I.    <u>DISCUSSION</u>

A.    <u>State Court Procedural History</u>

On October 18, 2010, a jury convicted Mr. Crews of first-degree rape of a child. Dkt. 13-1, at 2-19 (State's Exhibit 1, Judgement and Sentence, *State v. Crews*, Pierce County Cause No. 10-1-00454-0). Mr. Crews appealed his conviction to the Washington Court of Appeals; on May 22, 2012, the Washington Court of Appeals affirmed. Dkt. 13-1, at 2-19 (State's Exhibit 2, Unpublished Opinion, *State v. Crews*, Court of Appeals Cause No. No. 41517-8-II (Ct. App. May 22, 2012)). The Washington Supreme Court denied review without comment on October 10, 2012. Dkt. 13-1, at 64 (State's Exhibit 5, *State v. Crews*, 175 Wash.2d 1015 (2012)).

The Court of Appeals issued a final mandate on October 31, 2012. Dkt. 13-1, at

66 (State's Exhibit 6, *State v. Crews*, Court of Appeals Cause No. No. 41517-8-II (Ct. App. Oct. 31, 2012)). Mr. Crews did not file a petition for writ of certiorari with the Supreme Court.

In September 2021, Mr. Crews filed a post-conviction motion in Pierce County Superior Court. Dkt. 13-1 at 69 (State's Exhibit 7, Motion to Modify or Correct Judgment and Sentence, Pierce County Cause No. 10-1-00454-0). The Superior Court transferred Mr. Crews' motion to the Washington Court of Appeals for consideration as a personal restraint petition. Dkt. 13-1 at 89-91 (States' Exhibit 8, Order on Defendant's Motion to Modify Judgment and Sentence, Pierce County Cause No. 10-1-00454-0).

The Washington Court of Appeals dismissed the personal restraint petition as untimely under state law. Dkt. 13-1 at 93-94 (State's Exhibit 9, Order Dismissing Petition, Court of Appeals Cause No. 56277-4-II). Mr. Crews did not seek review by the Washington Supreme Court, and the Washington Court of Appeals issued a certificate of finality on March 22, 2022. Dkt. 13-1 at 96 (State's Exhibit 10, Certificate of Finality, Court of Appeals Cause No. 56277-4-II).

Mr. Crews filed another post-conviction motion in Superior Court on September 12, 2022. Dkt. 13-1 at 99 (State's Exhibit 11, Motion for Order to Show Cause re: Vacation of Judgment/Order, Pierce County Cause No. 10-1-00454-0). The Superior Court again transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition. The Washington Court of Appeals dismissed the personal restraint petition as time barred under state law. Dkt. 13-1 at 206-208 (State's Exhibit 15, Order Dismissing Petition, Court of Appeals Cause No. 57442-0-II). Mr. Crew sought review by the Washington Supreme Court. Dkt. 13-1 at 210-242 (State's

1  Exhibit 16, Motion for Discretionary Review, Supreme Court Cause No. 101926-2). The

2  Washington Supreme Court denied review. Dkt. 13-1 at 244-245 (State's Exhibit 17,

3  Ruling Denying Review, Supreme Court Cause No. 101926-2). The Washington Court

4  of Appeals issued the certificate of finality on June 23, 2023. Dkt. 13-1 at 247 (State's

5  Exhibit 18, Certificate of Finality, Court of Appeals Cause No. 57442-0-II).

6      Mr. Crews filed another personal restraint petition in November 2023 directly in

7  the Washington Supreme Court. Dkt. 13-1 at 280-319 (State's Exhibit 24, Personal

8  Restraint Petition, Supreme Court Cause No. 102557-2; Exhibit 25, Motion: Release

9  from Confinement, Supreme Court Cause No. 102557-2). The Washington Supreme

10  Court transferred the personal restraint petition to the Washington Court of Appeals for

11  initial consideration. Dkt. 31-1 at 321 (State's Exhibit 26, Letter from Supreme Court,

12  dated November 14, 2023). The Washington Court of Appeals dismissed the personal

13  restraint petition as time barred under state law on July 1, 2024. Dkt. 31-2 at 1-4 (Order

14  Dismissing Petition, Court of Appeals Cause No. 59768-3-II).

15      In February 2024, Mr. Crews filed a fourth personal restraint petition in the

16  Washington Court of Appeals. Dkt. 13-2 at 6-25 (State's Exhibit 31, Personal Restraint

17  Petition, Court of Appeals Cause No. 60080-3-II). The Washington Court of Appeals

18  dismissed this personal restraint petition as time barred under Washington law, on June

19  28, 2024. Dkt. 13-2 at 178-180 (State's Exhibit 35, Order Dismissing Petition, Court of

20  Appeals Cause No. 60080-3-II).

21      Mr. Crews then sought review by the Washington Supreme Court of the

22  dismissal of his personal restraint petitions. Dkt. 13-2 at 182-206 (State's Exhibit 36,

23  Motion for Discretionary Review, Supreme Court Cause No. 103253-6). The

24

25

1   Washington Supreme Court denied review on August 5, 2024. Dkt. 13-2 at 208-211

2   (State's Exhibit 37, Ruling Denying Review, Supreme Court Cause No. 103253-6 and

3   103256-1).

4          Mr. Crews filed his federal habeas corpus petition on August 29, 2024. Dkts. 1,3.

5          B.      Time Bar under 28 U.S.C. 2254 (d)(1)

6          Respondent argues the petition is untimely under 28 U.S.C. § 2244(d)(1) and, as

7   such, should be dismissed. Dkt. 12. Mr. Crews did not object to the timeline described

8   above. Dkt. 14.

9          The writ of habeas corpus affords relief to persons in custody pursuant to the

10  judgment of a state court in violation of the Constitution, laws, or treaties of the United

11  States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by

12  the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

13  Whether a petition is barred by the statute of limitations is a threshold issue that must

14  be resolved before considering other procedural issues or the merits of individual

15  claims.

16         The AEDPA imposes a one-year limitation period, which begins to run "from the

17  latest of ... the date on which the judgment became final by the conclusion of direct

18  review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

19         The limitation period may run from a later date under the following

20  circumstances: First, it may run from the date on which the impediment to filing an

21  application created by State action in violation of the Constitution or laws of the United

22  States is removed if the applicant was prevented from filing by such State action. 28

23  U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme

24

25

Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review usually concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In this case, the Washington Supreme Court denied review of the direct appeal on October 12, 2012. Mr. Crews had ninety days from October 12, 2012, to file a petition for writ of certiorari with the Supreme Court. *See* S. Ct. Rule 13. Mr. Crews did not file a petition by January 8, 2013. The direct review was concluded and judgment became final on January 8, 2013, for purposes of 28 U.S.C. § 2244(d)(1)(A). The AEDPA's one-year statute of limitations began to run the following day. *Id.*

The AEDPA statute of limitations ran out on January 8, 2014. 28 U.S.C. § 2244(d)(1)(A). By the time Mr. Crews filed his first personal restraint petition, the statute had been expired for seven years. Mr. Crew's personal restraint petition was dismissed as untimely. In any case, its filing had no effect on the Section 2244 statute of limitations. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (filing of untimely state

court application for collateral review does not toll the statute of limitations for filing a federal habeas petition under 28 U.S.C. 2244(d)(2)).

When Mr. Crews filed his federal habeas corpus petition in August of 2024, more than ten years had passed since his AEDPA statute of limitations ran out.

The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 652 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

A petitioner bears the burden of showing that equitable tolling should be applied. *Id.* at 1065. In order to receive equitable tolling, a petitioner must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner presents no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that Petitioner has met the requirements for the application of equitable tolling.

Petitioner suggests the Court should apply an exception to the statute of limitations based on actual innocence. Dkt. 3 at 13. There is an equitable exception to the statute of limitations for a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the Supreme Court has cautioned that tenable actual innocence claims are rare. *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and rarely met). To make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Although Mr. Crews asserts that he qualifies for an actual innocence exception, he does not identify or produce any new reliable evidence that would potentially have altered the outcome of his criminal proceedings. Instead, he asserts he did not receive a fair trial, a general claim without any new reliable evidence, which is inadequate to establish actual innocence. *Schlup*, 513 U.S. at 324.

Mr. Crews' actual innocence claim therefore fails.

Finally, although Petitioner does not cite to *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court has considered Petitioner's general ineffective assistance of counsel claim. Dkt. 3-1 at 3. *Martinez* is unavailing in this case because it does not excuse untimeliness. In *Martinez*, the Supreme Court recognized a narrow means by which a prisoner can show "cause" to excuse a state procedural default of a claim based upon alleged ineffective assistance of counsel at trial. *See Martinez*, 566 U.S. at 8-9. *Martinez* does not address or create an exception to the AEDPA statute of limitations.

The one-year state of limitations began to run on January 8, 2013. Mr. Crews has not identified any impediment to filing that was removed, nor a new right made retroactive by the Supreme Court affecting his case, nor a factual predicate to his

current claims that could not be discovered until later. Nor did petitioner file any other petitions for state post-conviction or collateral review before the year was up that could have tolled the statute of limitations. *Martinez* addresses procedural default, not timeliness. *Martinez*, 566 U.S. at 11.

The petition should therefore be DISMISSED with prejudice as time barred.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Pinholster*, 563 U.S. 170.

The Court finds it is not necessary to hold an evidentiary hearing here because Mr. Crews' claims may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating

that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). Under the above standard, this Court concludes that petitioner is not entitled to

a certificate of appealability in this matter. This Court therefore **recommends that a**

**certificate of appealability be denied**.

<u>CONCLUSION</u>

The Court should **deny the petition for habeas corpus relief with prejudice**.

All of petitioner's claims are time barred, and the Court should refuse to hear them. A

proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

fourteen (14) days from service of this report to file written objections. *See also* Fed. R.

Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes

of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a

waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142

(1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to

set the matter for consideration on January 23, 2025 as noted in the caption.

Dated this 8th day of January, 2025.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10