UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LORENZA CREWS,<br><br>                Petitioner,<br><br>    v.<br><br>JEFFEREY PERKINS,<br><br>                Respondent. | CASE NO. C24-5714 BHS<br><br>ORDER |

THIS MATTER is before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation (R&R), Dkt. 15, recommending the Court deny pro se petitioner Robert Crews' § 2254 habeas petition as time-barred, deny him a § 2253 certificate of appealability, and dismiss the case with prejudice.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 1

A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo determination, Congress "intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Thus, the district court is required only to indicate that it reviewed the record de novo and found no merit to the objections in order to summarily adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). The district court is not obligated to "expressly address" every objection. *Id.* at 437.

Crews has objected to the R&R. Dkt. 16. He asserts that he did not discover the "fact" that his constitutional rights were violated until February 2024, making his claim timely. *Id*. at 2. He also asserts that because the State did not provide a "full and fair review" of his claims, it "does not qualify" for the Anti-Terrorism and Effective Death Penalty Act (AEDPA) statute of limitations. *Id*.

These arguments are without merit. The R&R's recommended disposition of Crews' habeas petition is neither clearly erroneous nor contrary to law. The R&R is therefore **ADOPTED**. Crews' § 2254 habeas petition is untimely, and it is **DENIED**. The Court will **NOT** issue a certificate of appealability for the reasons outlined in the R&R, and the case is **DISMISSED** with prejudice.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

//

1 | Dated this 23rd day of January, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3